UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18CV-P52-TBR

DANNIE BROWN                                                                           PLAINTIFF

v.

FULTON COUNTY JAIL *et al.*                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Dannie Brown, a convicted inmate now housed at the Western Kentucky Correctional Complex, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint arises out of his prior incarceration at the Fulton County Jail (FCJ). This action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

## I. SUMMARY OF ALLEGATIONS

In the original complaint, Plaintiff names as Defendants "Fulton County Jail and the Medical dept." and Jailer Ricky Parnell. Plaintiff states that the Fulton County Police arrested him in his home and, in so doing, struck him, slammed him to the ground, and broke his arm. He asserts that he was taken to the hospital, and after being seen he was taken to jail. He states, "The Fulton County Jail refused to take me back to the hospital and they refused me medical attention nor did they give me medication." He continues, "The medical dept. here at the Western Kentucky Correctional Complex have since sent me to an outside doctor and all have aggred that I now have to have surgery. The medical department there in Fulton County Jail also gave me the wrong medication." As relief, Plaintiff requests compensatory damages.

By prior Order (DN 6), the Court found that Plaintiff's original complaint was not filed on this Court's approved § 1983 complaint form and ordered Plaintiff to file an amended

complaint on the Court-approved form. The Order stated that, "[i]n the amended complaint, Plaintiff must include all claims he wishes to assert, state all facts relevant to his claims, and name all individuals whom he believes violated his rights." It also stated that the amended complaint "shall supersede the original complaint (DN 1), and the Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A."

In the amended complaint, Plaintiff sues FCJ and Parnell in his official capacity only. Plaintiff states, "In 2016 at the Fulton Co. Detention Center, I feel that my rights were violated due to poor medical treatment from staff and transporting officers. (STAFF.)." He continues, "I was denied any medical treatment for any/all problems with my back/body. Records are there at the F.C.D.C. You may look at them if necessary."

Plaintiff further asserts, "I was given a diabetic shot with someone elses needles by the correctional officer and not the nurse. It was a dirty pre-used needle. Different medicine was in it, not diabetic medicine. Someone elsese name was on the needle, not mine. They didn't do nothing about it." Plaintiff also states, "I was denied psychological medication too. They had all information to know I was suffering from a pscyh. disorder. On arrival at W.K.C.C. I was given all medicine and start process over. All is well at WKCC." Plaintiff does not specify the relief he seeks in the amended complaint.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

complaint on the Court-approved form. The Order stated that, "[i]n the amended complaint, Plaintiff must include all claims he wishes to assert, state all facts relevant to his claims, and name all individuals whom he believes violated his rights." It also stated that the amended complaint "shall supersede the original complaint (DN 1), and the Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A."

In the amended complaint, Plaintiff sues FCJ and Parnell in his official capacity only. Plaintiff states, "In 2016 at the Fulton Co. Detention Center, I feel that my rights were violated due to poor medical treatment from staff and transporting officers. (STAFF.)." He continues, "I was denied any medical treatment for any/all problems with my back/body. Records are there at the F.C.D.C. You may look at them if necessary."

Plaintiff further asserts, "I was given a diabetic shot with someone elses needles by the correctional officer and not the nurse. It was a dirty pre-used needle. Different medicine was in it, not diabetic medicine. Someone elsese name was on the needle, not mine. They didn't do nothing about it." Plaintiff also states, "I was denied psychological medication too. They had all information to know I was suffering from a pscyh. disorder. On arrival at W.K.C.C. I was given all medicine and start process over. All is well at WKCC." Plaintiff does not specify the relief he seeks in the amended complaint.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Court construes Plaintiff's allegations of failure to provide proper medical treatment as asserting claims under the Eighth Amendment. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "A prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

In the original complaint, Plaintiff states that he was denied treatment for a broken arm. However, he does not identify any specific individual who denied him treatment. In the amended complaint, he alleges that he was "denied any medical treatment for any/all problems with my back/body" and that that he was denied "psychological medication[,]" but does not

4

mention a broken arm.  If the Court were to conduct initial screening of the amended complaint only, as stated in the prior Order, the Court would find that Plaintiff's allegations do not contain sufficient "'factual enhancement'" to show the existence of a sufficiently serious medical need or a sufficiently culpable state of mind on behalf of any Defendant.  The amended complaint does not identify what medical or psychological condition he had; when or how he requested treatment for such condition; and from whom he requested it.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

However, the original complaint stated a specific medical problem for which Plaintiff was denied treatment, a broken arm, but did not state any specific individual against whom Plaintiff was alleging this claim.  Because the Court cannot discern what claims Plaintiff is asserting or what Defendants he is asserting them against, the Court will not dismiss the claims of denial of medical treatment at this time but will give Plaintiff **one final opportunity** to amend his complaint as directed below.

Furthermore, in the amended complaint, Plaintiff alleges an incident where he was given a shot with another inmate's needle.  The Court finds that, at most, Plaintiff alleges negligence in the administration (or mis-administration) of his medicine.  Once again, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer v. Brennan*, 511 U.S. at 835 (quotation omitted).  Plaintiff does not allege that any person intentionally used the wrong needle or that the mistake resulted from anything other than lack of ordinary care or inadvertence.  Accordingly, Plaintiff's claim regarding the use of another inmate's needle must be dismissed for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim regarding the use of another inmate's needle is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file a second amended complaint**.  He must include **all claims** he wishes to assert in this action.  It is not sufficient for Plaintiff to sue the medical department or staff.  He must name as Defendants the specific individuals whom he alleges violated his rights and state the specific factual allegations he believes support his claim against each individual defendant.  He must also sue the individuals in their individual capacities.

As stated above, this is Plaintiff's final opportunity to amend his complaint.  The second amended complaint shall supersede the original and amended complaints, and **the Court will conduct initial review of only the second amended complaint** in accordance with 28 U.S.C. § 1915A.

**Plaintiff is WARNED that his failure to fully comply with this Memorandum Opinion and Order within the time allotted will result in DISMISSAL of the instant action**.

Date:   October 15, 2018

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Fulton County Attorney
4413.010