# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:18CV-P52-TBR

DANNIE BROWN                                                    **PLAINTIFF**

v.

FULTON COUNTY JAIL *et al.*                           **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Dannie Brown filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. By Memorandum Opinion and Order entered October 16, 2018, the Court conducted initial screening of the action pursuant to 28 U.S.C. § 1915A (DN 8). The Court dismissed some of Plaintiff's claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but ordered Plaintiff to file a second amended complaint naming specific individuals whom he alleges violated his rights within 30 days. The Court warned Plaintiff that his failure to comply with the Memorandum Opinion and Order within the time allotted would result in dismissal of the instant action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:     December 17, 2018

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
4413.010